IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **DARRELL NEVADA BYRD,** | : | |
| **Plaintiff,** | : : : | |
| v. | : : | Civil Action No. 7:02-CV-81 (HL) |
| **AL JONES, Medical Director, et al.,** | : : | |
| **Defendants.** | : : | |

# ORDER

Before the Court is a Report and Recommendation (Doc. 49) from United States Magistrate Judge Richard L. Hodge that recommends granting Defendant Jones' Motion for Summary Judgment. Plaintiff has subsequently filed an objection. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Plaintiff's objection and has made a *de novo* determination of the portion of the recommendation to which Plaintiff objects. For the reasons stated below, the recommendation is accepted and Defendant Jones' Motion for Summary Judgment is granted.

Plaintiff originally brought suit, under 42 U.S.C. § 1983, alleging prison officials at Valdosta State Prison violated the Eighth Amendment[1] when they were deliberately indifferent to his medical needs. Following discovery, Defendant Jones moved for summary judgment arguing Plaintiff's evidence was insufficient to support his Eighth Amendment claim. The

---

[1] As made applicable to the states through the Fourteenth Amendment. Louisiana *ex rel.* Francis v. Resweber, 329 U.S. 459, 463, 67 S. Ct. 374, 376 (1947).

Magistrate Judge now recommends granting Defendant Jones' motion. Plaintiff asserts, in his objection, that evidence already in the record is sufficient to defeat summary judgment. The Eleventh Circuit holds that "to survive summary judgment on [a] section 1983, Eighth Amendment claim, [Plaintiff] is required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Because Plaintiff's objections focus only on deliberate indifference, the Court will only address that element.

The failure to provide adequate medical care to a prisoner amounts to a constitutional violation if done with "deliberate indifference." Brown v. Hughes, 984 F.2d 1533, 1537 (11th Cir. 1990). "Deliberate indifference to a prisoner's serious medical needs violates the [E]ighth [A]mendment because denying or delaying medical treatment is tantamount to 'unnecessary and wanton infliction of pain.'" Id. at 1537-38 (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). However, not all delays in medical treatment rise to the level of a constitutional violation; negligence and/or medical malpractice is not enough. Estelle v. Gamble, 429 U.S. 97, 105-06, 97 S. Ct. 285, 291-92 (1976). Accordingly, when a prisoner has received at least minimal medical treatment and "the dispute is over the adequacy of [that] treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quoting Westlake v. Lucas, 537 F.2d 857, 860 n.5 (1st Cir. 1981)). See also Kramer v. Gwinnett County, 306 F. Supp. 2d 1219, 1227 (N.D. Ga. 2004) (holding that missed appointments, tardy lab work, the absence of proper notes in medical files, and the use of a

different available treatment than the treatment preferred by the prisoner are not evidence of deliberate indifference).

In the present case, Plaintiff points to five broad actions by individuals at Valdosta State Prison as evidence of deliberate indifference: (1) his diagnosis did not remain exactly the same during his treatment, (2) he did not receive an operation to correct his anterior cruciate ligament ("ACL"), (3) his status was changed from urgent, on September 19, 2000, to routine, on November 2, 2000, (4) his MRI was rescheduled four times over a period of approximately four months, and (5) he did not receive the proper type of knee brace. The first two examples Plaintiff offers are nothing more than allegations of misconduct that seem to be a product of misunderstanding medical language and procedure. First, Plaintiff's diagnosis is listed as "med. menicus tear" on one report, but "pain [left] knee joint" in another. (Def.'s Mot. Summ. J., Ex. H-1, H-2.) This change only shows that the individual(s) that completed the reports chose to use medical language on one and laymen terms on the other. Second, Plaintiff argues that neither "arthroscopy of the left knee with partial medial meniscectomy" nor "chondroplasty of the femoral condyles" are operations to reconstruct an ACL tear; however, the named procedures do examine and repair the knee joint. (Def.'s Mot. Summ. J., Ex. Q.) See generally HARCOURT HEALTH SERVICES, DORLAND'S ILLUSTRATED MEDICAL DICTIONARY (W.B. Saunders Publications 2002).

Plaintiff's remaining examples merely show disputes between Plaintiff and medical staff concerning the adequacy of the treatment received. Such disputes do not show deliberate indifference. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) (holding that "a simple

difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [does not] support a claim of cruel and unusual punishment"). Although Plaintiff may have preferred a different course of treatment, the evidence, at worst, shows negligence or medical malpractice, not a constitutional violation.

In conclusion, the Court accepts the Magistrate Judge's Report and Recommendation and thereby grants Defendant Jones' Motion for Summary Judgment.

**SO ORDERED**, this the 1st day of September, 2005.

                                               **s/   Hugh Lawson**
                                               **HUGH LAWSON, Judge**

scs

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **DARRELL NEVADA BYRD,** | : | |
| **Plaintiff,** | : : | |
| v. | : : | Civil Action No. 7:02-CV-81 (HL) |
| **AL JONES, Medical Director, et al.,** | : : | |
| **Defendants.** | : : : | |

# ORDER

Before the Court is a Report and Recommendation (Doc. 49) from United States Magistrate Judge Richard L. Hodge that recommends granting Defendant Jones' Motion for Summary Judgment. Plaintiff has subsequently filed an objection. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Plaintiff's objection and has made a *de novo* determination of the portion of the recommendation to which Plaintiff objects. For the reasons stated below, the recommendation is accepted and Defendant Jones' Motion for Summary Judgment is granted.

Plaintiff originally brought suit, under 42 U.S.C. § 1983, alleging prison officials at Valdosta State Prison violated the Eighth Amendment[1] when they were deliberately indifferent to his medical needs. Following discovery, Defendant Jones moved for summary judgment arguing Plaintiff's evidence was insufficient to support his Eighth Amendment claim. The

---

[1]As made applicable to the states through the Fourteenth Amendment. Louisiana *ex rel.* Francis v. Resweber, 329 U.S. 459, 463, 67 S. Ct. 374, 376 (1947).

Magistrate Judge now recommends granting Defendant Jones' motion. Plaintiff asserts, in his objection, that evidence already in the record is sufficient to defeat summary judgment. The Eleventh Circuit holds that "to survive summary judgment on [a] section 1983, Eighth Amendment claim, [Plaintiff] is required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Because Plaintiff's objections focus only on deliberate indifference, the Court will only address that element.

The failure to provide adequate medical care to a prisoner amounts to a constitutional violation if done with "deliberate indifference." Brown v. Hughes, 984 F.2d 1533, 1537 (11th Cir. 1990). "Deliberate indifference to a prisoner's serious medical needs violates the [E]ighth [A]mendment because denying or delaying medical treatment is tantamount to 'unnecessary and wanton infliction of pain.'" Id. at 1537-38 (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). However, not all delays in medical treatment rise to the level of a constitutional violation; negligence and/or medical malpractice is not enough. Estelle v. Gamble, 429 U.S. 97, 105-06, 97 S. Ct. 285, 291-92 (1976). Accordingly, when a prisoner has received at least minimal medical treatment and "the dispute is over the adequacy of [that] treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quoting Westlake v. Lucas, 537 F.2d 857, 860 n.5 (1st Cir. 1981)). See also Kramer v. Gwinnett County, 306 F. Supp. 2d 1219, 1227 (N.D. Ga. 2004) (holding that missed appointments, tardy lab work, the absence of proper notes in medical files, and the use of a

different available treatment than the treatment preferred by the prisoner are not evidence of deliberate indifference).

In the present case, Plaintiff points to five broad actions by individuals at Valdosta State Prison as evidence of deliberate indifference: (1) his diagnosis did not remain exactly the same during his treatment, (2) he did not receive an operation to correct his anterior cruciate ligament ("ACL"), (3) his status was changed from urgent, on September 19, 2000, to routine, on November 2, 2000, (4) his MRI was rescheduled four times over a period of approximately four months, and (5) he did not receive the proper type of knee brace. The first two examples Plaintiff offers are nothing more than allegations of misconduct that seem to be a product of misunderstanding medical language and procedure. First, Plaintiff's diagnosis is listed as "med. menicus tear" on one report, but "pain [left] knee joint" in another. (Def.'s Mot. Summ. J., Ex. H-1, H-2.) This change only shows that the individual(s) that completed the reports chose to use medical language on one and laymen terms on the other. Second, Plaintiff argues that neither "arthroscopy of the left knee with partial medial meniscectomy" nor "chondroplasty of the femoral condyles" are operations to reconstruct an ACL tear; however, the named procedures do examine and repair the knee joint. (Def.'s Mot. Summ. J., Ex. Q.) See generally HARCOURT HEALTH SERVICES, DORLAND'S ILLUSTRATED MEDICAL DICTIONARY (W.B. Saunders Publications 2002).

Plaintiff's remaining examples merely show disputes between Plaintiff and medical staff concerning the adequacy of the treatment received. Such disputes do not show deliberate indifference. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) (holding that "a simple

difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [does not] support a claim of cruel and unusual punishment"). Although Plaintiff may have preferred a different course of treatment, the evidence, at worst, shows negligence or medical malpractice, not a constitutional violation.

In conclusion, the Court accepts the Magistrate Judge's Report and Recommendation and thereby grants Defendant Jones' Motion for Summary Judgment.

**SO ORDERED**, this the 1st day of September, 2005.

                                       **s/    Hugh Lawson**
                                       **HUGH LAWSON, Judge**

scs